# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 09 C 5927 | **DATE** | 11/7/2011 |
| **CASE TITLE** | Fireman's Fund Inc. Co. vs. Reckart Logistics, Inc., et al. | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, the Court grants third party defendant Fore Transportation, Inc.'s motion for summary judgment on the third party claim of defendant Mr. Bult's, Inc. [docket no. 112]. The case remains set for a status hearing tomorrow, November 8, 2011, at 9:30 a.m., for the purpose of setting a schedule governing the remainder of the case.

■[ For further details see text below.]

Docketing to mail notices.

## STATEMENT

Plaintiff Fireman's Fund's insured, Alliant Techsystems, Inc., purchased goods from Olin Brass and hired Reckart Logistics, Inc. to arrange for the goods' shipment to Alliant. Reckart hired S&G Transport Services, Inc. to deliver the goods. S&G in turn hired Mr. Bult's, Inc. (MBI) to pick up the goods from Olin. MBI did so and, at S&G's direction, took them to a warehouse owned by Fore Transportation, Inc. There the goods were "cross-docked" onto another vehicle. Where the goods went from there is unknown.

Fireman's Fund paid Alliant for the loss and, as subrogee, sued Reckart, S&G, and MBI. MBI in turn filed a third party claim against Fore. MBI says the claim sounds in negligence and specifically characterizes it as a "contribution claim" under the Illinois Joint Tortfeasors Act. *See* MBI Mem. (dkt. no. 141) at 2. Fore moved for summary judgment. The Court deferred the motion pending further briefing on whether the contribution claim was barred by the Carmack Amendment, which forms the sole proper basis for Fireman's Fund's suit against the defendants.

The Seventh Circuit has unequivocally ruled that the Carmack Amendment preempts all state and common law remedies available to a shipper against a carrier for loss or damage. *N. Amer. Van Lines, Inc. v. Pinkerton Security Sys., Inc.*, 89 F.3d 452, 456 (7th Cir. 1996). In *North American Van Lines*, the court ruled that when the potential liability of a party exists only under the Carmack Amendment, it cannot maintain a claim under the Illinois Contribution Act. *Id.* at 458-59. The reason is that a claim under the Contribution Act requires liability in tort, and the Carmack Amendment preempts tort liability. It provides, in effect, a form of contractual liability, to which the Illinois Contribution Act does not apply. None of the other cases that MBI cites undermines this conclusion in the least.

For these reasons, the Court concludes that Fore is entitled to summary judgment. In this regard, the Court also notes that even if the Illinois Contribution Act applied, it would require that Fore have tort liability to

**STATEMENT**

Alliant. In its motion for summary judgment, Fore argued that it owed no duty to Alliant and thus could not be considered to be liable in tort. MBI cited no countervailing authority; indeed, it did not address this argument at all. Thus even were the Court to conclude that the Contribution Act applied, Fore still would be entitled to summary judgment.